JOHN BOUVET v. PEARCE WOODWARD.

(No. 940.)

VENDEE, sued for purchase money, cannot object to deed to him as evidence, because made by an attorney in fact and no power shown. Principal ratifies the deed by suing for purchase money.

APPEAL from Wise county. Opinion by WALKER, J.

The plaintiff's petition alleged that the defendant, "for a valuable consideration, made, executed and delivered" to him the two promissory notes sued on; that they are each made payable to him " or order; " and alleges defendant's liability to pay him the amounts specified in them by reason of defendant's promises recited in said notes, and alleges defendant's default to make such payment, with a prayer for judgment on the notes and for the foreclosure of the vendor's lien on the land described in the petition. This petition conforms sufficiently to the rule of pleading

in suits on promissory notes laid down in Jennings *v.* Moss, 4 Tex., 452, "that to show a right of action the plaintiff must allege title in himself and some act of the defendant creating a legal liability on his part," and "that the defendant's liability must be shown by averments." It is urged by the appellant that the failure to allege that the plaintiff was the legal holder and owner of the notes sued on is fatal to the sufficiency of the petition; and the brief of counsel cites several cases decided by our supreme court to support the proposition. But the cases referred to do not maintain the proposition contended for, as applied to the facts alleged in this petition. The allegations made by plaintiff show that for a valuable consideration defendant made, executed and delivered to him said notes, and made them payable on their face to himself or their order. The second assignment of error is not well taken. Objection was made as to the admissibility in evidence of a deed of conveyance to land to John Bouvet, signed Pearce Woodward, by Granger Salmon, attorney in fact, without proof first being made of any written power of attorney under which said attorney in fact acted in making said deed. See Neil *v.* Keese, 5 Tex., 33.

Ratification by the principal, Pearce Woodward, of the act of Salmon would have the effect to validate the deed as a conveyance of title, though the latter may have acted without authority; and if the principal makes the contract his own by availing himself of the benefits of it, he is liable in like manner as if he had personally made the contract. Henderson *v.* R. R. Co., 17 Tex., 560. The plaintiff in this case ratified the deed by the adoption thereof and suing on the notes to foreclose vendor's lien, and then tendering the deed in evidence to establish the sale and conveyance made by Salmon, and thereby he is estopped from denying the authority of Salmon.

There being no error, the judgment is affirmed.